# COMPOSITE EXHIBIT "A"

CIVIL COURT OF THE CITY OF NEW YORK
BRONX COUNTY

C5134

CAIRO CRISOSTOMO,

                               Plaintiff,

v.

ENHANCED RECOVERY COMPANY, LLC,

                               Defendant.

Index No:

**SUMMONS**

Plaintiff's Residence Address:
831 Gerard Ave
Apartment 6D
Bronx, New York 10451

FEE PAID

The basis of venue designated is
C.C.A. § 301(a)

APR 08 2022
CIVIL COURT
BRONX COUNTY

To the Person(s) Named as Defendant(s) Above:

YOU ARE HEREBY SUMMONED and required to appear in the Civil Court of the City of New York, at the office of the Clerk of the said Court at 851 Grand Concourse, Bronx, in the County of Bronx, State of New York, by serving an answer to the annexed complaint upon plaintiff's attorney, at the address stated below, or if there is no attorney, upon the plaintiff, at the address stated above, within the time provided by law as noted below; upon your failure to answer, judgment will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: March 11, 2022

Defendant's Address:
Enhanced Recovery Company, LLC
c/o CORPORATION SERVICE COMPANY
80 State Street
Albany, New York 12207

David M. Barshay, Esquire
BARSHAY, RIZZO & LOPEZ, PLLC
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Our File No.: BRL21631
*Attorneys for Plaintiff*

NOTE: The law or rules of court provide that:

(a) if this summons is served by its delivery to you, or (for a corporation) an agent authorized to receive service, personally within the County of Bronx you must answer within 20 days after such service; or (b) if this summons is served otherwise than as designated in subdivision (a) above, you are allowed 30 days to answer after the proof of service is filed with the Clerk of this Court. (c) You are required to file a copy of your answer together with proof of service with the clerk of the district in which the action is brought within 10 days of the service of the answer.

**RECEIVED**

APR 0 4 2022

CIVIL COURT
BRONX COUNTY
COPY

DocuSign Envelope ID: 695B1FDA-637F-463B-9299-7CEE93FCB971

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

CAIRO CRISOSTOMO,

                              Plaintiff,

            v.

ENHANCED RECOVERY COMPANY, LLC,

                              Defendant.

Index No:

**VERIFIED COMPLAINT**

Plaintiff Cairo Crisostomo, by and through the undersigned counsel, complains, states, and alleges against defendant Enhanced Recovery Company, LLC as follows:

### PRELIMINARY STATEMENT

1. This is an action to recover damages for negligence and for violations of New York General Business Law § 349 and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction over defendant Enhanced Recovery Company, LLC because it regularly transacts business within this County, derives substantial revenue from services rendered in this County, has committed tortious acts within this County and has caused injury to persons within this County as described herein.

3. Venue is proper pursuant to CCA § 301(a) because Plaintiff resides in this District.

### PARTIES

4. Plaintiff Cairo Crisostomo ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Bronx County, New York.

5. Plaintiff is a consumer protected by New York General Business Law § 349.

6. Defendant Enhanced Recovery Company, LLC ("Defendant") is a company

1

DocuSign Envelope ID: 695B1FDA-637F-463B-9299-7CEE93FCB971

existing under the laws of the State of Florida, with its principal place of business in Jacksonville, Florida.

7. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

8. Defendant regularly collects or attempts to collect debts asserted to be owed to others by residents in this County.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others by New Yorkers.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers in this County.

12. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by New York consumers.

13. The principal purpose of Defendant's business is the collection of such debts.

14. The principal purpose of Defendant's business in this County is the collection of such debts.

15. The principal purpose of Defendant's business in New York is the collection of such debts.

16. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

17. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business in this County.

DocuSign Envelope ID: 69581FDA-637F-463B-9299-7CEE93FCB971

18. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business in New York.

19. Defendant derives substantial revenue from its debt collection services rendered in New York.

20. Defendant has committed tortious acts within New York that have caused injury to consumers in this County.

21. Defendant has committed tortious acts within New York that have caused injury to New Yorkers

22. Defendant is a "debt collection agency" as that term is defined by New York General Business Law.

### FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

23. Defendant alleges Plaintiff owes a debt.

24. The alleged debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

25. The alleged debt does not arise from any business enterprise of Plaintiff.

26. At an exact time known only to Defendant, the alleged debt was assigned or otherwise transferred to Defendant for collection.

27. At the time the alleged debt was assigned or otherwise transferred to Defendant for collection, the alleged debt was in default.

28. In its efforts to collect the alleged debt, Defendant decided to contact Plaintiff by written correspondence.

3

DocuSign Envelope ID: 685B1FDA-637F-463B-9299-7CEE93FCB971



29. Rather than preparing and mailing such written correspondence to Plaintiff on its own, Defendant decided to utilize a third-party to perform such activities on its behalf.

30. As part of its utilization of the third-party, Defendant conveyed information regarding the alleged debt to the third-party by electronic means.

31. The information conveyed by Defendant to the third-party, which was viewed by employees of the third-party, included Plaintiff's status as a debtor, the precise amount of the alleged debt, the account number, the entity to which Plaintiff allegedly owed the alleged debt, among other things.

32. The third-party then populated some or all this information into a prewritten template, printed, and mailed the correspondence to Plaintiff at Defendant's direction.

33. That letter, dated January 4, 2022, was received and read by Plaintiff (the "Letter").

34. The Letter states in the relevant part, "Upon completion of the settlement agreement, the account will be closed for less than the full balance and ERC will cease all collection activities on the account."

35. The foregoing only informs the Plaintiff what ERC will do with the account if Plaintiff pays the discounted amount.

36. The Letter is completely devoid of any information that informs the Plaintiff what T-Mobile USA, Inc. will do with the account if Plaintiff pays the discounted amount.

37. Defendant failed to inform Plaintiff what, if anything, T-Mobile USA, Inc. will do with the account, if Plaintiff pays the discounted amount.

38. Defendant's failure to inform Plaintiff what, if anything, T-Mobile USA, Inc. will do with the account if Plaintiff pays the discounted amount was misleading and/or deceptive.

39. Plaintiff was left wondering what T-Mobile USA, Inc. would do with the account

4

DocuSign Envelope ID: 695B1FDA-637F-463B-9299-7CEE93FCB971

if Plaintiff paid the discounted amount.

40. The Letter is completely devoid of the fact that if Plaintiff pays the discounted amount Plaintiff could be subjected to tax consequences.

41. The Letter contained a discounted offer with the intention of enticing Plaintiff into paying the alleged debt without warning Plaintiff of the potential tax consequences of accepting such offer.

42. If Plaintiff accepted the discounted offer such amount may not be the total amount that Plaintiff would have had to pay for the alleged debt.

43. If Plaintiff accepted the discounted offer Plaintiff could have been subjected to tax consequences, thereby putting Plaintiff in a worse financial situation.

44. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or its owners, officers, agents, and/or employees.

45. Defendant's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendant's conduct.

46. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect the alleged Debt and other alleged debts.

47. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted economic harm.

5

DocuSign Envelope ID: 695B1FDA-637F-463B-9299-7CEE93FCB971

48.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

49.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff to be sued.

50.     A favorable decision herein would serve to deter Defendant from further similar conduct.

## - FIRST CAUSE OF ACTION -
## NEGLIGENCE

51.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

52.     Defendant was in possession of Plaintiff's personal and private information, including personal identifying data such as Plaintiff's name, address, date of birth, and social security number, and also the amount of the alleged debt, and the name of the entity to which Plaintiff allegedly owed money.

53.     Plaintiff did not consent to Defendant's sharing of Plaintiff's personal and private information with the third party.

54.     Plaintiff did not consent to Defendant's sharing of Plaintiff's personal and private information with anyone.

55.     Defendant owed a duty to Plaintiff to perform its attempted collection of Plaintiff's alleged debt with reasonable care.

56.     Defendant owed a duty to Plaintiff to exercise reasonable care in its handling of Plaintiff's personal and private information.

57.     Defendant owed a duty to Plaintiff to exercise reasonable care in its maintenance of Plaintiff's personal and private information.

6

DocuSign Envelope ID: 695B1FDA-637F-463B-9299-7CEE93FCB971

58. Defendant owed a duty to Plaintiff to exercise reasonable care in keeping Plaintiff's personal information private.

59. Defendant owed a duty to Plaintiff to not disclose Plaintiff's personal and private information to third parties.

60. Defendant owed a duty to Plaintiff to not put at risk the privacy of Plaintiff's personal and private information.

61. Defendant owed a duty to Plaintiff to not expose Plaintiff to the risk of identity theft through the disclosure of Plaintiff's personal and private information.

62. Defendant breached these duties by sharing Plaintiff's personal and private information with third parties.

63. Defendant breached these duties by sharing Plaintiff's personal and private information with third parties without Plaintiff's permission.

64. Defendant breached these duties by sharing Plaintiff's personal and private information with third parties without ensuring the security of such personal information.

65. Defendant breached these duties by sharing Plaintiff's personal and private information with third parties without ensuring that such third parties had procedures and/or policies in place to secure Plaintiff's personal and private information.

66. Plaintiff was damaged by Defendant's breach of its duties to Plaintiff in that Defendant exposed Plaintiff to possible identity theft.

67. Plaintiff was damaged by Defendant's breach of its duties to Plaintiff in that Plaintiff had a reasonable expectation that Plaintiff's personal and private information would not be disclosed without Plaintiff's permission.

7

DocuSign Envelope ID: 695B1FDA-637F-463B-9299-7CEE93FCB971

68. Plaintiff was damaged by Defendant's breach of its duties to Plaintiff in that Plaintiff had a right to control the dissemination of Plaintiff's personal and private information.

69. Plaintiff was damaged by Defendant's breach of its duties to Plaintiff in that Plaintiff's personal and private information may now be in the public realm.

70. As a direct and proximate result of Defendant's negligence, Plaintiff suffered compensable harm and is entitled to recover actual, treble, exemplary, and punitive damages.

### - SECOND CAUSE OF ACTION -
### VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349

71. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

72. New York General Business Law § 349 prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service in this state…"

73. An individual "injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions." N.Y. Gen. Bus. Law § 349(h). An individual may also be awarded punitive damages.

74. Defendant's debt collection business in New York is a "business, trade or commerce or the furnishing of a service" as contemplated by New York General Business Law § 349.

75. As described herein, Defendant violated New York General Business Law § 349 by using deceptive acts and practices. This includes a pattern and practice of unauthorized disclosures to third parties of the personal and private information of New York consumers with reckless disregard for the propriety and privacy of the information which it discloses, reckless disregard to the harm to consumers that results from the unauthorized disclosure of such private and sensitive information, and reckless disregard for consumers' rights to privacy.

76. Defendant has engaged in the same conduct described herein thousands of times.

8

DocuSign Envelope ID: 695B1FDA-637F-463B-9299-7CEE93FCB971

77. Defendant engages in this practice because it is profitable and because it would be more costly for Defendant to create a system to ensure the security of consumers' private and personal information. Defendant engages in this practice for the sole purpose of maximizing its profits.

78. Defendant's conduct as described herein was consumer-oriented in that it was directed to, and targeted at, New York consumers. Defendant's conduct has a broader impact on consumers at large as Defendant has acted similarly to thousands of other New York consumers.

79. As a direct and proximate result of Defendant's violations of New York General Business Law § 349, Plaintiff suffered compensable harm and is entitled to preliminary and permanent injunctive relief, and to recover actual, treble, exemplary, and punitive damages, together with costs and attorney's fees.

## - THIRD CAUSE OF ACTION -
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

80. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

81. Congress enacted the FDCPA upon finding that debt collection abuse by debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

82. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002).

83. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85,

9

DocuSign Envelope ID: 695B1FDA-637F-463B-9299-7CEE93FCB971

91 (2d Cir. 2008).

84. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). A single violation of the FDCPA is sufficient to establish civil liability against a debt collector. *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993).

85. Plaintiff is a "consumer" as that term defined by the FDCPA.

86. Defendant is a "debt collector" as that term is defined by the FDCPA.

87. The alleged debt is a "debt" as that term is defined by the FDCPA.

88. The Letter is a "communication" as that term is defined by the FDCPA.

89. Defendant's conveyance of Plaintiff's personal and private information to the third party is a "communication" as that term is defined by the FDCPA.



90. The actions described herein constitute an attempt to collect a debt or were taken in connection with an attempt to collect a debt within the meaning of the FDCPA.

91. Defendant violated the following sections of the FDCPA: 1692c and 1692f. By way of example and not limitation Defendant violated the FDCPA by taking the following actions in an attempt to collect a debt or in connection with an attempt to collect a debt: Communicating with third parties about Plaintiff and the alleged debt without Plaintiff's consent, disclosing Plaintiff's personal and private information without Plaintiff's consent, disclosing Plaintiff's personal and private information with reckless disregard for the harm to Plaintiff that could result from Defendant's unauthorized disclosure of such information, and disclosing Plaintiff's personal and private information for Defendant's financial gain.

### - FOURTH CAUSE OF ACTION -
### NEGLIGENCE

92. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

DocuSign Envelope ID: 695B1FDA-637F-463B-9299-7CEE93FCB971

93. Defendant owed a duty to Plaintiff to exercise reasonable care in their attempts to collect money from Plaintiff.

94. Defendant owed a duty to Plaintiff to exercise reasonable care in making representations to Plaintiff concerning the alleged debt

95. Defendant owed a duty to Plaintiff to exercise reasonable care in making representations of fact to Plaintiff concerning the alleged debt.

96. Defendant breached these duties by attempting to collect money from Plaintiff by failing to inform Plaintiff what, if anything, would happen to the alleged debt if Plaintiff accepted Defendant's discounted offer.

97. Defendant breached these duties by attempting to collect money from Plaintiff by failing to inform Plaintiff that Plaintiff could suffer tax consequences by accepting Defendant's discounted offer.

98. As a direct and proximate result of Defendant's negligence, Plaintiff suffered compensable harm and is entitled to recover actual, treble, exemplary, and punitive damages.

### FIFTH CAUSE OF ACTION - VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349

99. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

100. New York General Business Law § 349 prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service in this state..."

101. An individual "injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions." N.Y. Gen. Bus. Law § 349(h). An individual may also be awarded punitive damages.

102. Defendant's debt collection business in New York is a "business, trade or commerce

DocuSign Envelope ID: 695B1FDA-637F-463B-9299-7CEE93FCB971

or the furnishing of a service" as contemplated by New York General Business Law § 349.

103. As described herein, Defendant violated New York General Business Law § 349 by using deceptive acts and practices. This includes a pattern and practice of attempting to collect money from New York consumers by providing New York consumers discounted payment offers without informing them what will happen to the account after such offer is accepting, and providing New York consumers discounted payment offers without informing them of the tax consequences of accepting such offer.

104. Defendant has engaged in the same conduct described herein thousands of times.

105. Defendant engages in this practice because it is profitable and because it would be more costly for Defendant to create a system to ensure that it is providing accurate information to New York consumers. Defendant engages in this practice for the sole purpose of maximizing their profits.

106. Defendant's conduct as described herein was consumer-oriented in that it was directed to, and targeted at, New York consumers. Defendant's conduct has a broader impact on consumers at large as Defendant has acted similarly to thousands of other New York consumers.

107. As a direct and proximate result of Defendant's violations of New York General Business Law § 349, Plaintiff suffered compensable harm and is entitled to preliminary and permanent injunctive relief, and to recover actual, treble, exemplary, and punitive damages, together with costs and attorney's fees.

## SIXTH CAUSE OF ACTION - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

108. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

109. Congress enacted the FDCPA upon finding that debt collection abuse by debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977)

12

DocuSign Envelope ID: 695B1FDA-637F-463B-9299-7CEE93FCB971

*reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

110.  The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002).

111.  To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

112.  The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). A single violation of the FDCPA is sufficient to establish civil liability against a debt collector. *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993).

113.  Plaintiff is a "consumer" as that term defined by the FDCPA.

114.  Defendant is "debt collector" as that term is defined by the FDCPA.

115.  The alleged debt is a "debt" as that term is defined by the FDCPA.

116.  The Letter is a "communication" as that term is defined by the FDCPA.

117.  The actions described herein constitute an attempt to collect a debt or were taken in connection with an attempt to collect a debt within the meaning of the FDCPA.

118.  Defendant violated the following sections of the FDCPA: 1692e and 1692f. By way of example and not limitation Defendant violated the FDCPA by taking the following actions in an attempt to collect a debt or in connection with an attempt to collect a debt: Using false, deceptive or misleading representations or means; using any false, deceptive or misleading representations

13

DocuSign Envelope ID: 895B1FDA-637F-483B-9299-7CEE83FCB971

or means; using unfair or unconscionable means; and failing to provide accurate and clear information in the collection letter.

## JURY DEMAND

119. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

a. A determination that Defendant has committed the violations of law alleged in this action;
b. Actual, treble, exemplary and punitive damages up to the jurisdictional limits of this Court;
c. Statutory damages pursuant to 15 U.S.C. § 1692k and New York General Business Law § 349;
d. The costs of this action and attorneys' fees pursuant to 15 U.S.C. § 1692k and New York General Business Law § 349;
e. Pre-judgment and post-judgment interest as allowed by law;
f. Such other and further relief that the Court determines is just and proper.

DATED: March 9, 2022

By: _____
David M. Barshay, Esquire
BARSHAY, RIZZO & LOPEZ, PLLC
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.:
*Attorneys for Plaintiff*

## VERIFICATION

Cairo Crisostomo, being duly sworn, deposes and says:

I am the plaintiff in this action against . I have read the foregoing complaint and know the contents thereof to be true except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

_____
Cairo Crisostomo

14